# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STRIKE 3 HOLDINGS, LLC,

        Plaintiff,

v.

JOHN DOE SUBSCRIBER
ASSIGNED IP ADDRESS
73.144.112.250,

        Defendant.

Case No. 19-10193
Hon. Terrence G. Berg

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE AND REQUIRING NOTIFICATION TO "JOHN DOE" DEFENDANT

This matter is before the Court on Plaintiff Strike 3 Holdings, LLC's motion for leave to serve a subpoena on an internet service provider, Comcast Cable Communications, LLC ("ISP"), seeking the name and contact information of the John Doe defendant identified in the Complaint. The Court finds Plaintiff has established good cause for its request to serve a subpoena prior to a Rule 26(f) conference.

Accordingly, Plaintiff's motion for leave to serve a subpoena on the ISP (ECF No. 4) is **GRANTED** to the following extent:

1

1. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with **only** the true name and address of the John Doe defendant to whom the IP address 73.144.112.250 is assigned. Plaintiff shall attach to any such subpoena a copy of this Order.

2. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet service to the Defendant.

3. The subpoenaed ISP shall not require Plaintiff to pay any fee until it produces the subpoenaed information, nor shall the subpoenaed ISP require Plaintiff to pay any fee for information it provides about an IP address not controlled by the ISP. If necessary, the Court will resolve any dispute that arises between the ISP and Plaintiff about the reasonableness of the fee charged by the ISP for producing the subpoenaed information .

4. Plaintiff may only use the information produced by the ISP in response to a Rule 45 subpoena for the purpose of protecting and enforcing Plaintiff's rights in this lawsuit.

5. Within seven days of receiving the John Doe defendant's identifying information, if Plaintiff believes the John Doe defendant to be correctly identified as the proper Defendant for this lawsuit, Plaintiff **shall** serve upon Defendant a copy of the Complaint, a copy of this Order, and a copy of the notice attached to this Order. **Plaintiff must file proof of service under seal.**

**SO ORDERED.**

Dated: February 19, 2019  s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

# **NOTICE**

Strike 3 Holdings, LLC has filed a lawsuit against you. At this time, you are identified in the lawsuit only as an unnamed John Doe defendant associated with IP address 73.144.112.250. Accordingly, your name is not yet attached to the case. Your IP address was identified as an IP address allegedly engaging in copyright infringement. In response to a subpoena requested by Strike 3 Holdings, LLC and issued by this Court, your internet service provider identified you by matching your IP address to your name.

If you have reason to believe that you are not associated with the IP address that is alleged to have been used in connection with copyright infringement, you can object to being publicly named in this lawsuit on that basis only. Please mail your objection and the reason you believe you have been incorrectly identified to:

Chambers of the Honorable
Terrence G. Berg
United States District Judge
Theodore Levin United States Courthouse
231 W Lafayette Blvd, Room 253
Detroit, MI 48226

**Objections must be postmarked within 14 days of the date you were served with this lawsuit.**

If you submit an objection, please refer to the case number and include a mailing address where you can be reached. The Court will set a hearing to determine whether you will be publicly named as a defendant in the case. You will be notified of the hearing and must attend the hearing for your objection to be considered. You will receive notice of the date and time of the hearing by postal mail.